IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v.  NO. 4:15CR00032 KGB

KEITH CHARLES JONES
a/k/a Smiley

UNITED STATES ADDITIONAL SENTENCING ARGUMENT

Comes now the United States by and through counsel, Christopher R. Thyer, United States Attorney for the Eastern District of Arkansas and Edward O. Walker, Assistant United States Attorney for said District and states:

During the sentencing hearing held on August 23, 2016 defendant Keith Jones disputed that his 1991 convictions, as set forth in para. 27 of the PSR, for seven counts of aggravated robbery qualifies as a crime of violence, relying on *United States v. Eason*, No. 15-1254, 2016 WL 3769477 (8th Cir. July 14, 2016). The Eighth Circuit recently decided *Eason* and Jones argues that this decision supports his position that the aggravated robbery conviction does not qualify as a crime of violence because the charging documents allege that he merely employed or threatened to employ "physical force" which is not sufficient to qualify as a crime of violence.

Arkansas Code Annotated § 5-12-103 (1991), Aggravated Robbery, provides:

(a) A person commits aggravated robbery if he - commits robbery as defined in § 5-12-102, and the person:

(1) Is armed with a deadly weapon or represents by word or conduct that he is so armed; or

(2) Inflicts or attempts to inflict death or serious physical injury upon another person.

"A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another."  Ark. Code. Ann. § 5-12-102 (1991).  "Physical force" "means any bodily impact, restraint, or confinement or threat thereof."  Ark. Code Ann. § 5-12-101 (1991).

The charging documents relating to Jones' aggravated robbery convictions reflect that he was convicted pursuant to Arkansas Code Annotated § 5-12-103(a)(1).  In Count 1, the charging document alleges that Jones "unlawfully, feloniously, did employ or threaten to employ physical force upon [victim name], agent of K-MART, while armed with a deadly weapon, to-wit: a FIREARM, with the purpose of committing a theft . . ."  Counts 4, 5, 6, 7, 8, and 9 allege that Jones "unlawfully, feloniously, did employ or threaten to employ physical force upon [victim name], while armed with a deadly weapon, to-wit: a FIREARM, or represented by word or conduct that he was so armed, with the purpose of committing a theft . . ."

In *Eason*, the Eighth Circuit held, "We cannot conclude that the degree of physical force required to commit robbery in Arkansas rises to the level of physical force required to establish a crime of violence for ACCA purposes."  2016 WL 3769477, at *6.  The decision focused on the force clause in the definition of "violent felony."  The decision did not address whether Arkansas aggravated robbery qualifies as a crime of violence under the force clause and did not consider whether Arkansas robbery or aggravated robbery constitutes generic robbery, as robbery is not an enumerated offense in 18 U.S.C. § 924(e).

A mandate has not yet been issued in *Eason*, and thus, the decision is not yet final.  This Court is not obliged to follow *Eason* until it is final.  *See United States v. Swan,* 327 F. Supp. 2d 1068, 1072 (D. Neb. 2004).  The United States intends to petition for rehearing in *Eason*, and currently has a September

2, 2016 deadline. However, even if *Eason* were final, it does not determine the outcome of this case as discussed below.

I.  **Arkansas Aggravated Robbery Qualifies as a Crime of Violence as an Enumerated Offense.**

Robbery is an enumerated offense included in the definition of "crime of violence." U.S.S.G. § 4B1.2. In an unpublished decision, the Fifth Circuit held that Arkansas aggravated robbery qualified as a crime of violence because "the Arkansas aggravated robbery statute, like the Arkansas robbery statute, corresponds to the generic contemporary meaning of robbery as it involves misappropriation of property under circumstances involving danger to another person." *United States v. Farris*, 312 Fed. Appx. 598, 599, 2009 WL 464221 (5th Cir. 2009).

In *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016), the Eighth Circuit stated that "an offense qualifies as robbery if it contains the elements of generic robbery which is defined as aggravated larceny, or the misappropriation of property under circumstances involving immediate danger to a person." The Court found that a conviction for Illinois aggravated robbery satisfied the generic definition of robbery, for purposes of 18 U.S.C. § 3559(c), where the Illinois statute required "the unlawful taking of personal property from a person or in the presence of another by force or threat of force while 'indicating verbally or by [] action' that he is armed with a dangerous weapon." *Id*.

Arkansas aggravated robbery under subsection (a)(1) requires that the defendant employ or threaten to employ physical force upon another person, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, while armed with a deadly weapon or while representing that he is armed with a deadly weapon. Arkansas aggravated robbery meets the generic definition of robbery and qualifies as a crime of violence. Thus, the Court need not reach the question of whether Arkansas Aggravated Robbery qualifies as a "crime of violence" under the force clause of the definition of "crime of violence." However, if the Court is inclined to reach the

question, the United States asserts that Arkansas Aggravated Robbery constitutes a crime of violence under the force clause.

## II.     *Eason* was Wrongly Decided.

In *United States v. Sawyer*, the Eighth Circuit held that "[b]y definition" Arkansas robbery "qualifies as a crime of violence" under the force clause of the career offender guideline. 588 F.3d 548, 556 (8th Cir. 2009). This holding applied equally to the ACCA. *See United States v. Schaffer*, 818 F.3d 796, 798 n.2 (8th Cir. 2016).

Three months after the Eighth Circuit examined Arkansas robbery in *Sawyer*, the Supreme Court examined Florida battery in *Curtis Johnson v. United States*, 559 U.S. 133 (2010). That offense occurred whenever one "[a]ctually and intentionally touche[d]" the victim. *Id.* at 137 (quoting FLA. STAT. § 784.03(1)(a)). Consistent with its language, the Florida Supreme Court ruled that "'use…of physical force' was not an element of the offense." *Id.* at 138 (quoting in part *State v. Hearns*, 961 So. 2d 211, 219 (Fla. 2007)). Rather, the offense was "satisfied by *any* intentional physical contact, 'no matter how slight'" even "[t]he most 'nominal contact,' such as a 'ta[p]…on the shoulder without consent.'" *Id.* (quoting in part *Hearns*, 961 So. 2d at 218-19) (alternations and emphasis in original). The Supreme Court reasoned that *de minimis* contact like this fell short of the force required under the ACCA, which it interpreted as "force capable of causing physical pain or injury to another person." *Id.* at 140.

The Eighth Circuit declined invitations to reconsider Arkansas robbery after *Curtis Johnson* in a string of unpublished decisions. *See United States v. Lindley*, 481 Fed. App'x 294 (8th Cir. 2012) (per curiam); *United States v. Graham*, 394 Fed. App'x 354 (8th Cir. 2010) (per curiam); *United States v. Jones*, 384 Fed. App'x 542 (8th Cir. 2010) (per curiam). And it continued to rely upon *Sawyer* when examining other state robbery statutes in the wake of *Curtis Johnson*. *See United States v. Forrest*, 611 F.3d 908, 911 (8th Cir. 2010); *United States v. Lamb*, 638 Fed. App'x 575, 576-77 (8th Cir. 2016); *United States v. Johnson*,

526 Fed. App'x 708, 711 (8th Cir. 2013) (per curiam), *rev'd and remanded*, 135 S. Ct. 2551 (2015); *United States v. Hicks*, 374 Fed. App'x 673, 673-74 (8th Cir. 2010) (per curiam).

   **A. The Procedural Posture in *Eason*.**

Eason's PSR found he qualified for enhanced penalties under the ACCA because of three or more convictions for a violent felony or serious drug offense. Included among them was a 1999 Arkansas robbery conviction.[1] The PSR did not note whether robbery qualified under the force clause, residual clause, or both.

At sentencing, Eason objected to classification as an armed career criminal by attacking the residual clause then before the Supreme Court. Without passing on which clause(s) his offenses satisfied, the United States asked the sentencing court to follow the law as it stood and overrule the objection, which it did.

Eason's appeal centered on the exclusion of defense exhibits as a Rule 16 sanction. A total of only six paragraphs in sixty-six pages of briefs addressed the ACCA. For his part, Eason only repeated his challenge to the constitutionality of the residual clause and did not assert that his robbery conviction failed to meet the requirements of the force clause of the ACCA. *See* Def.'s Br. at 29. The United States specifically relied upon the force clause in response in arguing that Eason's arguments regarding the

---

[1] A felony information charged Eason with aggravated robbery, alleging that "on or about February 8, 1999, [he] did employ or threaten to employ physical force upon DEBBIE AKINS, while armed with a deadly weapon, to wit: HANDGUN, or represented by word or conduct that he was so armed." Eason later pled guilty to a lesser charge of robbery. A report signed by the judge that purported to set out the "CIRCUMSTANCES OF THE OFFENSE(S)" noted that "On 2-8-99, the defendant entered the Kentucky Fried Chicken in North Little Rock while wearing a ski mask and carrying a handgun. He demanded money and fled from the back of the store. In the process he struck Mr. Morris Campbell, an employee. The defendant's voice was recognized by another employee."

constitutionality of the residual clause were irrelevant. *See* Gov't Br. at 25. Eason's Reply Brief was silent on the ACCA.

After the briefs were filed, the Supreme Court found the residual clause of the ACCA unconstitutionally vague. *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015). Oral argument followed six months later. There, Eason refined his position. He argued his battery convictions should not count for want of *Shepard* materials. By contrast, he conceded on three[2] separate occasions that his robbery conviction satisfied the force clause. Given the repeated concessions, the United States did not address robbery at oral argument. Nor did the panel pose questions on that score.

### B. The Opinion in *Eason*.

---

[2] The following statements were made at oral argument:

> JUDGE BENTON: Counsel, can't we look at it and see that they were violent and it's not in the residual it's on the one clause above that?
>
> DEFENSE: You can for two, I think. You can for the robbery, and you can for the cocaine distribution, which is a serious drug crime. The other counts are battery counts, and this court has several cases—*Dawn, Boose*—where they found the Arkansas battery statutes to be overinclusive.

*See* Oral Argument Audio, *available at* http://media.ca8.uscourts.gov/cgi-bin/oaByCase.pl?caseno =15-1254, at 11:50.

> JUDGE BENTON: Counsel, tell me which two are clearly the crimes of violence under the other clause?
>
> DEFENSE: That would be the robbery and the cocaine distribution.

*See id.* at 13:04; *Id.* at 29:42 ("On the sentencing, again, there are two that are that we can say just incontrovertibly are crimes of violence or serious drug crimes.").

Despite the absence of briefing on the issue and Eason's concessions at oral argument, the panel took up Arkansas robbery *sua sponte* reasoning that the Eighth Circuit had not had occasion to do so after *Curtis Johnson*. *United States v. Eason*, __ F.3d __, 2016 WL 3769477, at *5 (8th Cir. July 14, 2016). It then reasoned that *Sawyer* no longer controlled because *Curtis Johnson* had "elevated the necessary quantum of force[.]" *Id.* (quoting *United States v. Winston*, 2016 WL 2757451, at *5 (W.D. Va. May 11, 2016)).

Turning to the elements, the panel found Arkansas robbery did not constitute a violent felony because it required neither "threat of force" nor "actual injury." *Id.* at 6. To this end, it relied on *Fairchild v. State*, 600 S.W. 2d 16 (Ark. 1980), where the Arkansas Supreme Court upheld a robbery conviction on the following facts:

> between 11:00 p.m. and midnight, [the defendant] saw Mrs. Frances Calva…near a double-door back entrance of the Checkmate Club in North Little Rock, rushed over and jerked the outer door open which she was holding and, with his right hand under his shirt, said, "Give me your money!" When Mrs. Calva denied that she had any money, appellant grabbed her dress lightly and insisted that she was lying.

*Id.* at 17. The Arkansas Supreme Court found that "jerking the door from her, cornering her in the back hallway and grabbing her dress is sufficient restraint and bodily impact to constitute physical force."

### C. Subsequent Arkansas Precedent is at Odds with the Decision in *Eason* and the Court's Interpretation of *Fairchild*.

The opinion at once overstates the force required under the ACCA and understates that which is required for Arkansas robbery. Implicit in the rejection of a statute because it does not require "actual injury" is an interpretation that the ACCA does. *See Eason*, 2016 WL 3769477, at *6 & n.7. But it does not. Actual injury is a sufficient but not necessary condition to satisfy the ACCA's use-of-force element. *Cf. Curtis Johnson*, 559 U.S. at 143 (noting a "slap" would suffice under the ACCA, thereby placing its requisite level of force between the "merest touch" required at common law and force causing "bodily injury" called for under § 922(g)(8)(C)(ii)). For this reason *Curtis Johnson* merely speaks in terms of force "capable"

of producing this result. *Id.* at 140. It follows that the absence of actual injury in one particular instance need not compel a finding that the offense is categorically nonviolent. Whatever the victim felt in *Fairchild*, no doubt one can imagine how hurriedly jerking a door open from the grasp of an unsuspecting victim, cornering her in the back hallway and grabbing her dress is "capable" of causing pain or injury in a way that a simple tap on the shoulder is not. "[T]he proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, [involves the use, attempted use, or threatened use of physical force against the person of another]." *Forrest*, 611 F.3d at 910 (quoting *James v. United States*, 550 U.S. 192, 208 (2007)) (alteration in original).

Florida battery in *Curtis Johnson* and Arizona assault in *United States v. Ossana* require only uninvited touching. *See* 559 U.S. at 137-38; 638 F.3d 895, 900 (8th Cir. 2011). The panel interprets *Fairchild* to suggest that Arkansas robbery may be satisfied by *de minimis* contact. Arkansas precedent holds otherwise.

Dating as far back as the 1800s, Arkansas robbery premised on actual force (as opposed to threatened force) has required "some injury…or…struggle." *Routt v. State*, 34 S.W. 262, 263 (Ark. 1896); *cf. Bowlin v. State*, 81 S.W. 838, 839 (Ark. 1904). This bedrock principle survives to the present day. *See Parker v. State*, 529 S.W. 2d 860, 863 (Ark. 1975) ("not robbery, unless some injury is done to the person or there be some struggle for possession of the property"). An interpretation of *Fairchild* that transforms the Arkansas robbery statute into one satisfied by *de minimis* contact is irreconcilable with these longstanding principles and subsequent precedent.

The Arkansas Supreme Court has since repeatedly held "the gravamen of the crime of robbery is the injury or threat of injury to the victim." *Richard v. State*, 691 S.W. 2d 872, 874 (Ark. 1985); *Clark v. State*, 1988 WL 73342, at *2 (Ark. 1988) (same); *Coley v. State*, 801 S.W. 2d 647, 649 (Ark. 1991) (same). Almost identical pronouncements from the Colorado Supreme Court compelled the Eighth Circuit to find

that Colorado's robbery statute satisfied the force clause in the wake of *Curtis Johnson*.³ *See Forrest*, 611 F.3d at 911. For proof that the Arkansas Supreme Court's language vis-à-vis injury is not empty boilerplate, one need look no further than lower court decisions. Time and again, robbery convictions turn upon the presence of injury. *See*, *e.g.*, *Lunsford v. State*, 2011 Ark. App. 441, 2011 WL 2394951, at *4 n.6 (Ark. Ct. App. June 15, 2011) (citing *Parker* to uphold conviction when defendants knocked victim to the ground); *Banks v. State*, 2009 Ark. App. 633, 2009 WL 3153214, at *3 (Ark. Ct. App. Sep. 30, 2009) (citing *Parker* to uphold conviction where defendant bruised victim in struggle for purse); *Dansby v. State*, 2007 WL 1492917, at *2 (Ark. Ct. App. May 23 2007) (citing *Parker* to uphold conviction where victim "hurt[] her arm, causing an elongated bruise, and necessitating a trip to the doctor to make certain that her arm was okay.").

In this respect, the Arkansas robbery statute is a far cry from those at issue in *Curtis Johnson* and *Ossana.* Inasmuch as it does not cover snatch-and-grab offenses, Arkansas robbery also stands at odds with peer statutes that have been invalidated under the ACCA in the wake of *Curtis Johnson*. *See*, *e.g.*, *United States v. Gardner*, 823 F.3d 793, 803 (4th Cir. 2016) (N.C. crime covered pushing hands off cigarettes); *United States v. Parnell*, 818 F.3d 974, 979 (9th Cir. 2016) (Massachusetts crime covered "purse snatching"); *United States v. Jones*, __ F.3d __, 2016 WL 3923838, at *5 (2d Cir. July 21, 2016) (N.Y.

---

³ On similar terms, in an unpublished opinion, the Eighth Circuit upheld Michigan robbery earlier this year because the Michigan Supreme Court had made clear that "robbery is a larceny aggravated by the fact that the taking is from the person, or in his presence, accomplished with force o[r] the threat of force" *United States v. Lamb*, 638 Fed. App'x 575, 576-77 (8th Cir. 2016) (quoting *People v. Randolph*, 648 N.W. 2d 164, 171 (Mich. 2002)). Arkansas has historically interpreted its statute in the same manner. "Robbery is larceny, with the aggravating circumstances of taking by force and putting in fear from the person of another." *Keeton v. State*, 70 Ark. 163, 66 S.W. 645, 645 (Ark. 1902). *See also Burns v. State*, 125 S.W. 2d 463, 466 (Ark. 1939) ("[R]obbery is simply larceny with the elements of force or putting in fear superadded."); *Sutton v. State*, 258 S.W. 632, 634 (Ark. 1924) ("'Robbery' is larceny by force or by intimidation[.]"); *Traver v. State*, 81 S.W. 615, 615 (Ark. 1904) (same).

crime covered pickpocketing when accomplices stood in victim's path to frustrate pursuit); *United States v. Welch*, 683 F.3d 1304, 1312 (11th Cir. 2012) (Florida crime covered "mere snatching").

Actual force is of course only half the story. Threatened force may likewise satisfy the elements of Arkansas robbery and the ACCA.[4] Both statutes recognize that such threats may be express or implied. *Compare Carter v. State*, 748 S.W. 2d 127, 129 (Ark. 1988) (upholding robbery conviction on basis of implicit threat where assailant takes victim's property following a forcible rape) *with United States v. Hill*, __ F.3d __, 2016 WL 4120667, at *6 (2d Cir. Aug. 3, 2016) (examining Hobbs Act vis-à-vis ACCA and explaining that "[s]ome threats do not require specification of any particular means in order to be effective; yet they still threaten *some* type of violence and the application of *some* force."). Returning to *Fairchild*, there is a great deal of threat implicit in hurriedly jerking a door open from the grasp of an unsuspecting victim, cornering her in the back hallway and grabbing her dress around midnight. Inasmuch as actual and threatened force animate the definition of physical force behind the Arkansas robbery statute, the threatening context of the transaction at issue cannot be ignored.

All told, the physical force necessary to satisfy the Arkansas robbery statute far exceeds the uninvited touching rejected by the Supreme Court in *Curtis Johnson*. And the Arkansas robbery statue does not sweep as broadly as those covering snatch-and-grab offenses that require but *de minimis* contact, which have been rejected of late by peer courts on the basis of *Curtis Johnson*.

### III. Arkansas Aggravated Robbery Qualifies as a Crime of Violence Under the Force Clause.

Even if *Eason* were final, Jones' conviction for aggravated robbery constitutes a crime of violence under the force clause. The term "crime of violence" includes a felony conviction that "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]"

---

[4] The Eighth Circuit has held *Curtis Johnson* did not alter the status of threats. *See United States v. Haileselassie*, 668 F.3d 1033, 1035 (8th Cir. 2012).

U.S.S.G. § 4B1.2(a)(1). *Eason* considered whether Arkansas robbery, not aggravated robbery, qualified under the force clause of 18 U.S.C. § 924(e). The additional element that the defendant is armed with a deadly weapon or represents by word or conduct that he is armed with a deadly weapon during the commission of a robbery distinguishes it from simple robbery.

The United States acknowledges that not every unwanted touching constitutes violent force. However, a defendant arming himself with a deadly weapon or representing that he is armed with a deadly weapon during a robbery goes beyond the "slightest unwanted physical touch" or tap on the shoulder at issue in *Curtis Johnson*. 559 U.S. at 137-28. The Arkansas aggravated robbery statute meets the "violent" force standard in *Curtis Johnson*, that is "force capable of causing physical pain or injury to another person." A deadly weapon is "capable" of causing physical pain or injury. *Curtis Johnson* does not require that the defendant, in fact, cause injury. Moreover, a defendant arming himself with a deadly weapon or representing that he is armed with a deadly weapon during the commission of a robbery constitutes a threatened use of force.

Similarly, after the Supreme Court's decision in *Curtis Johnson*, the Eighth Circuit found that Minnesota aggravated robbery constitutes a violent felony under the force clause. *See United States v. Rucker*, 545 Fed. Appx. 567 (8th Cir. 2013) (unpublished); *Crandall v. United States*, 2016 WL 3512137, *2 (D. Minn. June 22, 2016) (holding that Minnesota aggravated robbery qualifies as a violent felony under the force clause because the "possession of a dangerous weapon or other article made to look like a dangerous weapon undoubtedly involves the use, attempted use, or threatened use of physical force."). Arkansas aggravated robbery includes as an element the use of force or threatened use of force and constitutes a crime of violence.

IV.     **The Court has discretion to vary.**

Even if the Court determined that aggravated robbery does not qualify as a crime of violence, the Court has the discretion pursuant to 18 U.S.C. § 3553(a) to vary upward due to the violent nature of Jones' criminal history and the remaining factors set forth in § 3553(a).

>   Respectfully submitted,
>
>   CHRISTOPHER R. THYER
>   United States Attorney
>
>   */s/ EDWARD O. WALKER*
>   By: EDWARD O. WALKER
>   Assistant United States Attorney
>   Bar No. 2000076
>   P. O. Box 1229
>   Little Rock, AR 72203
>   501-340-2653

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed this 26th day of August, 2016 using the CM/ECF filing system which will forward a copy to Kim Driggers, Assistant Federal Public Defender.

>   */s/ EDWARD O. WALKER*