**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                                  Case No. 4:15-cr-00032 KGB

KEITH CHARLES JONES                                                DEFENDANT

<u>ORDER</u>

On August 23, 2016, the Court convened a sentencing hearing regarding defendant Keith

Charles Jones.  Mr. Jones pled guilty to being a felon in possession of a firearm in violation of 18

U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).  He pled guilty to the indictment; there was no

written plea agreement.  At the sentencing hearing, the Court heard argument from counsel

regarding Mr. Jones's objections to the presentence report ("PSR"), which report was revised on

August 16, 2016.  Prior to the hearing, Mr. Jones objected to paragraphs 13, 18, 21, 23, 24, 26,

27, 29, 31, 32, 50, and 58 of the PSR.  At the hearing, Mr. Jones withdrew his objections to

paragraphs 23, 24, 26, 29, 31, and 32 of the PSR.  Mr. Jones's objections to paragraphs 13, 18,

21, 27, 50, and 58 of the PSR remain pending.

For Mr. Jones's current offense of conviction, the Court turns to the United States

Sentencing Commission, <u>Guidelines Manual</u>, § 2K2.1 (Nov. 2015) ("Sentencing Guidelines" or

"Guidelines"), to determine his base offense level.  Pursuant to Guideline § 2K2.1(a)(4), a

defendant's base offense level is 20 "if the defendant committed any part of the instant offense

subsequent to sustaining one felony conviction of . . . a crime of violence . . . ."  The

Commentary to U.S.S.G. § 2K2.1(a)(4) provides that "'crime of violence' has the meaning given

that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."

In 1991, Mr. Jones was convicted of aggravated robbery by the Circuit Court of Pulaski

County, Arkansas.  This conviction is listed in Paragraph 27 of the PSR.  Mr. Jones's aggravated

robbery conviction, and the Court's treatment of it, impacts other portions of the PSR. Specifically, in Paragraph 13 of the PSR, the United States Probation Office calculated Mr. Jones's base offense level at 20, treating Mr. Jones's aggravated robbery conviction as a crime of violence. In Paragraph 18, the United States Probation Office calculated Mr. Jones's adjusted offense level at 20. In Paragraph 21, the United States Probation Office calculated Mr. Jones's total offense level at 18, after reducing Mr. Jones's offense level two points for acceptance of responsibility. In Paragraph 50, the United States Probation Office calculated Mr. Jones's guideline imprisonment range based on a total offense level of 18. In Paragraph 58, the United States Probation Office calculated Mr. Jones's fine range.

Mr. Jones's objections are centered on his argument that his 1991 conviction for aggravated robbery does not constitute a crime of violence under the Sentencing Guidelines. At the Court's sentencing hearing, Mr. Jones relied on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and the Eighth Circuit Court of Appeals' decision in *United States v. Eason*, 829 F.3d 633 (8th Cir. 2016), to argue that the physical force required to commit aggravated robbery in Arkansas does not rise to the level of physical force necessary to establish a crime of violence under the Sentencing Guidelines. *See also United States v. Jones*, Case No. 04-cr-362 (JRT/RLE), 2016 WL 4186929 (D. Minn. Aug. 8, 2016). After admitting proof and hearing argument from counsel, the Court took Mr. Jones's objections under advisement.

## I.     Discussion

The current Sentencing Guidelines define a crime of violence as:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year that–

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. §5845(a) or explosive material as defined in 18 U.S.C. §841(c).

U.S.S.G. §4B1.2(a).[1]

Mr. Jones argues that aggravated robbery under Arkansas law does not qualify under the "force clause" of this provision, which provides that a crime of violence is a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."   U.S.S.G. §4B1.2(a)(1).   In response, the government argues that aggravated robbery, as defined by Arkansas law, is a crime of violence because it is an enumerated offense

---

[1] This provision of the Sentencing Guidelines was recently amended, effective August 1, 2016.  The Court must use the Guidelines Manual that is in effect at the time of sentencing, unless doing so would "'produce a sentence harsher than one permitted under the Guidelines in effect at the time the crime is committed[,]'" in violation of the Ex Post Facto Clause.  *United States v. Zimmer*, 299 F.3d 710, 717 (8th Cir. 2002) (quoting *United States v. Reetz*, 18 F.3d 595, 598 (8th Cir.1994)).  Among other changes that do not impact the Court's decision in this matter, this sentencing provision was amended to include robbery as an enumerated offense in the text of U.S.S.G. §4B1.2(a)(2).   As the Court will explain *supra*, Mr. Jones's 1991 conviction for aggravated robbery qualifies as a crime of violence because robbery is an enumerated offense. Therefore, it could appear that application of this recently amended sentencing provision would produce a sentence harsher than one permitted under the 2013 Sentencing Guidelines, which were in effect at the time that Mr. Jones committed the instant offense.  The parties agree that Mr. Jones's offense conduct concluded on or about August 6, 2014.  However, robbery was listed as a crime of violence under the 2013 Sentencing Guidelines in the Commentary to U.S.S.G. §4B1.2(a)(2).  *See* U.S.S.G. §4B1.2, comment. (n.1) (2013).  Prior to the 2016 amendment, crimes listed in the Commentary to U.S.S.G. §4B1.2(a)(2) were treated as being specifically enumerated in the Guidelines.  *See, e.g., United States v. Ossana*, 638 F.3d 895, (8th Cir. 2011) (explaining that courts at that time examined the elements of the underlying offense to determine if the conviction necessarily involved the use, attempted use, or threated use of physical force against the person of another under §4B1.2(a)(1); otherwise encompassed the generic definition of one of the enumerated offenses in Application Note 1 of the Commentary to §4B1.2, or fit within the residual clause of §4B1.2(a)(2)); *United States v. Newton*, 259 F.3d 964, 968 (8th Cir. 2001) (treating manslaughter, which was listed in the Commentary to U.S.S.G. §4B1.2(a)(2), as an enumerated offense).  Therefore, applying the recently amended Sentencing Guidelines will not produce a sentence harsher than one permitted under the 2013 Guidelines.

under U.S.S.G. §4B1.2(a)(2).  The government argues alternatively that, even if it is not an enumerated offense, aggravated robbery under Arkansas law constitutes a crime of violence under the force clause of the Sentencing Guidelines.

U.S.S.G. §4B1.2(a)(2) includes "robbery" as an offense that qualifies as a crime of violence.  To determine whether a prior conviction qualifies as an enumerated offense under the Sentencing Guidelines, courts normally employ the "categorical approach."  *United States v. Malagon-Soto*, 764 F.3d 925, 927 (8th Cir. 2014), *cert. denied*, 135 S. Ct. 994, 190 L. Ed. 2d 871 (2015) (applying the categorical approach to determine whether the defendant's manslaughter conviction in Kentucky qualified as a crime of violence, where manslaughter is an enumerated offense under U.S.S.G. §2L1.2(b)(1)(A)(ii)); *see also United States v. Kosmes*, 792 F.3d 973, 977 n.4 (8th Cir. 2015), *cert. denied*, 136 S. Ct. 1451, 194 L. Ed. 2d 556 (2016) (noting that "the Court in *Johnson* specifically reaffirmed the use of the categorical approach for enumerated offenses").  Under the categorical approach, courts do not look "to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding crime of violence."  *Kosmes*, 792 F.3d at 975 (internal quotation marks omitted).

If Arkansas's aggravated robbery statute sets out one or more elements of the offense in the alternative and some, but not all, fit the generic definition of robbery, the statute is considered "divisible," *see Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013), and the Court is permitted to apply the modified categorical approach to determine whether Mr. Jones was convicted of a crime of generic robbery for purposes of the Sentencing Guidelines.  *United States v. Thornton*, 766 F.3d 875, 877 (8th Cir. 2014).  Under the modified categorical approach, sentencing courts are permitted to "consult a limited class of documents, such as indictments and

jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *United States v. Tucker*, 740 F.3d 1177, 1180 (8th Cir. 2014). However, courts may consider such materials "'*only* to determine which part of the statute the defendant violated.'" *Thornton*, 766 F.3d at 878 (quoting *United States v. Howell,* 531 F.3d 621, 622–23 (8th Cir. 2008)); *see also Shepard v. United States*, 544 U.S. 13, 26 (2005) ("We hold that enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.").

In order to determine whether to use the categorical or modified categorical approach, the Court must determine what the generic definition of robbery is. Generic robbery has been defined "as aggravated larceny, or the misappropriation of property under circumstances involving immediate danger to a person." *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016) (citing *United States v. Becerril–Lopez*, 541 F.3d 881, 891 (9th Cir. 2008); 3 W. LaFave, *Substantive Criminal Law* § 20.3(e) (2d ed. 2003)). More specifically, generic robbery "consists of all six elements of larceny—a (1) trespassory (2) taking and (3) carrying away of the (4) personal property (5) of another (6) with intent to steal it—plus two additional requirements: (7) that the property be taken from the person or presence of the other and (8) that the taking be accomplished by means of force or putting in fear." 3 W. LaFave, *Substantive Criminal Law* § 20.3(e) (2d ed. 2003).

The Court also notes that under the Model Penal Code:

A person is guilty of robbery if, in the course of committing a theft, he:

(a) inflicts serious bodily injury upon another; or

(b) threatens another with or purposely puts him in fear of immediate serious bodily injury; or

(c) commits or threatens immediately to commit any felony of the first or second degree.

An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.[2]

Robbery and aggravated robbery are defined by consecutive statutes under Arkansas law. A person commits robbery "if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person." Ark. Code Ann. § 5-12-102. To commit aggravated robbery, the person must commit robbery, as defined by Ark. Code Ann. § 5-12-102, "and the person:  (1) [i]s armed with a deadly weapon; (2) [r]epresents by word or conduct that he or she is armed with a deadly weapon; or (3) [i]nflicts or attempts to inflict death or serious physical injury upon another person." Ark. Code Ann. § 5-12-103. Therefore, to be convicted of aggravated robbery under Arkansas law, a defendant must be found to have committed the essential elements of robbery.

The Court finds that the definition of robbery found in the Arkansas's 1991 robbery statute categorically fits within the generic federal definition of robbery. As a result, the Court applies the categorical approach without resort to the modified categorical approach.[3] The elements for robbery under Arkansas law are effectively the same as those for generic robbery.

---

[2] In *Taylor*, the seminal case on this issue, the Supreme Court noted that its generic definition of burglary approximated the definition adopted by the drafters of the Model Penal Code. *Taylor v. United States*, 495 U.S. 575, 598 n.8 (1990).

[3] At the Sentencing Hearing, the government presented proof necessary for an examination of the modified categorical approach, including the Felony Information against Mr. Jones. To reach its decision here under the categorical approach, the Court has not relied on that proof.

The Court finds that the definition of aggravated robbery also categorically fits within the generic federal definition of robbery.  Under Arkansas law in effect in 1991, a defendant could only commit aggravated robbery if the defendant committed robbery.  The additional elements necessary to prove aggravated robbery make the crime narrower than the generic crime of robbery.  A conviction qualifies as an enumerated offense so long as it has the same or narrower elements as the generic crime.  *Taylor v. United States*, 495 U.S. 575, 599 (1990) ("There remains the problem of applying this conclusion to cases in which the state statute under which a defendant is convicted varies from the generic definition of 'burglary.'  If the state statute is narrower than the generic view, *e.g.,* in cases of burglary convictions in common-law States *or convictions of first-degree or aggravated burglary*, there is no problem, because the conviction necessarily implies that the defendant has been found guilty of all the elements of generic burglary.") (emphasis added).  The Court notes that this conclusion is consistent with an unpublished decision from the Fifth Circuit Court of Appeals, in which the court concluded that the defendant's "conviction under the Arkansas aggravated robbery statute . . . qualifie[d] as a crime of violence because the Arkansas aggravated robbery statute, like the Arkansas robbery statute, corresponds to the generic, contemporary meaning of robbery."  *United States v. Farris*, 312 F. App'x 598, 599 (5th Cir. 2009).

At the Court's sentencing hearing, Mr. Jones predominantly relied on *United States v. Eason*, where the Eighth Circuit Court of Appeals concluded that a conviction under Arkansas's robbery statute did not qualify as a violent felony under the force clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B).  *United States v. Eason*, 829 F.3d 633, 642 (8th Cir. 2016).  *Eason* does not control the Court's analysis in this case because the Court finds that Mr. Jones's armed robbery conviction qualifies as an enumerated offense under U.S.S.G.

7

§4B1.2(a)(2), not under the force clause found in U.S.S.G. §4B1.2(a)(1).   Unlike U.S.S.G. §4B1.2(a), robbery is not an enumerated offense under the ACCA, meaning the issue before the Court in this case is distinct from the issue before the Eighth Circuit Court of Appeals in *Eason*.

## II.   Conclusion

For these reasons, the Court finds that, under the categorical approach, Mr. Jones's 1991 conviction of aggravated robbery constitutes a crime of violence under U.S.S.G. §4B1.2(a)(2). Therefore, Mr. Jones's objections to paragraphs 13, 18, 21, 27, 50, and 58, which are all based on his argument that his 1991 conviction does not qualify as a crime of violence under the Sentencing Guidelines, are overruled.   The Court will set a second sentencing hearing in this matter after consulting with counsel for the parties.

So ordered this 16th day of November, 2016.

Kristine G. Baker
United States District Judge