UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | PLAINTIFF |
| | ) | |
| v. | ) | No. 4:15-cr-00032-KGB-1 |
| | ) | |
| | ) | |
| KEITH CHARLES JONES | ) | DEFENDANT |

**DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING
DEFENDANT'S OBJECTION TO PRESENTENCE REPORT**

**INTRODUCTION**

The current version of the presentence report ("PSR") characterizes Jones's prior conviction for aggravated robbery as a "crime of violence" under § 4B1.2, thereby increasing the base offense level to 20 under § 2K2.1(a)(4). Jones objected to this sentencing enhancement, and the court issued an order denying Jones's objection. In its order, the court stated that the Eighth Circuit's opinion in *United States v. Eason*, 829 F.3d 633 (8th Cir. 2106), is not controlling. The court explained that *Eason* is not relevant because "Mr. Jones's armed robbery conviction qualifies as an enumerated offense under U.S.S.G. §4B1.2(a)(2), not under the force clause found in U.S.S.G. §4B1.2(a)(1)." (Order at 7-8). In other words, because the August 1, 2016 amendments to § 4B1.2(a)(2) specifically identify robbery as an enumerated crime of violence, there is no need to determine whether Arkansas's aggravated robbery statute qualifies as a crime of violence under the force clause of § 4B1.2(a)(1).

1

Elsewhere in its order, the court recognized that at the time Jones committed the instant federal offense, robbery appeared as an enumerated crime of violence only in the commentary notes to § 4B1.2. The 2016 amendments move that commentary into the actual text of the Guideline. The court explained in a footnote that crimes listed in the commentary are to be treated as "being specifically enumerated in the Guidelines."(Order at 3, fn1). With this rationale, the court found that applying the 2016 amendments to § 4B1.2 have no effect on Jones's sentencing guideline calculation. Respectfully, Jones disagrees. Counsel for Jones brings to the court's attention that the order fails to cite the Eighth's Circuit's recent decision in *United States v. Bell*, which held that it is error to treat offenses listed in the commentary as enumerated offenses when those offenses merely interpret the residual clause. No. 15-3506, 2016 U.S. App. LEXIS 19442, at *13-14 (8th Cir. Oct. 28, 2016). Accordingly, counsel for Jones respectfully requests that the court reconsider its order, grant the objection noted herein, and reduce Jones's sentencing guideline range accordingly.

## ARGUMENT

I. **To avoid an *ex post facto* violation, the court must calculate Jones's sentencing guideline range using the version of the guidelines in effect at the time the instant offense was committed, with the residual clause voided by *Johnson*.**

The law is well settled that a criminal defendant enjoys a right to be sentenced under the version of the Sentencing Guidelines Manual in effect at the time he committed the offense of conviction, if doing so results in a lower sentencing

guideline range. *Peugh v. United States*, 133 S. Ct. 2072 (2013). Here, Jones unlawfully possessed a firearm in violation of 18 U.S.C. § 922(g) in 2014. At the time of the offense, Jones had a prior conviction for aggravated robbery. (PSR ¶ 27). That conviction has been considered by the court to be a "crime of violence" under the August 1, 2016 amendments to § 4B1.2 of the United States Sentencing Guidelines. For the reasons discussed below, Jones submits the August 1, 2016 amendments to § 4B1.2 produce a higher sentencing guideline range than Jones would have faced had the 2014 Guidelines Manual been used. Accordingly, to comply with procedural due process and avoid an *ex post facto* violation, this court must re-calculate Jones's sentencing guideline range using the 2014 Sentencing Guidelines Manual.

> A. Under the guideline in effect **before** August 1, 2016, an offense that does not satisfy the force clause of § 4B1.2(a)(1) or the enumerated offenses clause in § 4B1.2(a)(2) is not a "crime of violence" after *Johnson*.

On June 26, 2015, the Supreme Court held in *Johnson v. United States*, 135 S.Ct. 2551 (2015), that the "residual clause" in the Armed Career Criminal Act ("ACCA") is void for vagueness. Under that clause, a prior conviction counts as a "violent felony"—and thus as a predicate offense for the ACCA's enhanced 15-year minimum sentence—if the court determines that the prior offense "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). This language was deemed unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557-58. After *Johnson*, a conviction qualifies as a "violent felony" under the ACCA

3

only if it "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. § 924(e)(2)(B)(i), (ii).

Similar to the ACCA, the United States Sentencing Guidelines provide that a defendant is subject to an enhanced sentencing guideline range if he has at least one prior conviction for a "crime of violence." The term "crime of violence" appears in § 4B1.2 of the United States Sentencing Guidelines, and before August 1, 2016, its definition mirrored the ACCA's definition of "violent felony."

U.S.S.G. § 4B1.2(a) (2014)

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
    (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
    (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The Eighth Circuit Court of Appeals assumes that *Johnson*'s constitutional holding applies with equal force to invalidate the residual clause of § 4B1.2 since they are identically worded. *United States v. Taylor*, 803 F.3d 931, 933 (8th Cir. 2015). For years the Eighth Circuit has applied the two definitions interchangeably. *United States v. Boose*, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014).The Sentencing Commission also recognizes that the *Johnson* decision has a substantial impact on the definition of "crime of violence" in § 4B1.2. Indeed, on August 1, 2016, the Commission amended

this guideline to remove the residual clause. Those amendments will be discussed later in this motion. *See*, *infa* at Section C.

Importantly, more than a year passed *before* the Guideline amendments removed the residual clause from the text of § 4B1.2(a)(2). This means that after *Johnson* was decided on June 26, 2015 —but before the 2016 guideline amendments— an offense qualified as a "crime of violence" under § 4B1.2 only if the offense satisfied the force clause of § 4B1.2(a)(1) or the enumerated offenses clause of § 4B1.2(a)(2).

> U.S.S.G. § 4B1.2 (2015)(post-*Johnson*)(pre-2016 amendments)
>
> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>     (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>     (2) is burglary of a dwelling, arson, or extortion, involves use or explosives. ~~or otherwise involves conduct that presents a serious potential risk of physical injury to another.~~

Notably, aggravated robbery does not appear as an enumerated offense in the definition depicted above. Instead, this offense is identified as a crime of violence in the commentary to § 4B1.2.[1] Ultimately, then, before August 1, 2016, the residual clause of § 4B1.2(a)(2)— along with any commentary that interpreted it — could not

---

[1] Commentary Note 1 previously read as follows: "'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another."

have been used to classify an offense as a crime of violence. *Bell v. United States*, No. 15-3506, 2016 U.S. App. LEXIS 19442, at *13-14 (8th Cir. Oct. 28, 2016). Instead, the court would have applied § 4B1.2, but with the residual clause voided by *Johnson*. *Id.* Of course, if the offense happened to satisfy the "force clause" of § 4B1.2(a)(1), which was not affected by *Johnson*, the offense may have qualified as a crime of violence. This is why Jones focused his objection on the force clause and relied on *Eason* to argue that the enhancement was not appropriate. The paragraphs that follow explain why aggravated robbery does not fall under the force clause of § 4B1.2(a)(1).

> B. <u>Aggravated robbery is not a crime of violence under the force clause of § 4B1.2(a)(1) because it does not require the use of violent physical force or the attempted or threatened use thereof.</u>

An offense qualifies as a crime of violence under the "force clause" of § 4B1.2(a)(1) when it "has as an element the use, attempted use, or threatened use of physical force against the person of another." The term "physical force" as used here means "violent force" that is "capable of causing physical injury or pain" to another person. *United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). Importantly, a conviction must "necessarily" involve the use, attempted use, or threatened use of physical force to qualify as a crime of violence under the force clause of the Guidelines. *United States v. Ossana*, 638 F.3d 895, 900 (8th Cir. 2011). "The Supreme Court has described this as a 'demanding requirement.'" *United States v. Bell*, No. 15-3506, 2016 U.S. App. LEXIS 19442, at *5 (8th Cir. Oct. 28, 2016) (quoting *Shepard v. United States*, 544 U.S. 13, 24 (2005)).

To determine whether a particular offense meets the requisite level of force to qualify as a crime of violence under § 4B1.2(a)(1), courts employ the "categorical approach." *United States v. Eason*, 829 F.3d 633, 640 (8th Cir. 2016) (citing *Taylor v. United States*, 495 U. S. 575 (1990)). Under this elements-based approach, the court examines the statutory definition and elements of the prior offense, not the defendant's conduct underlying the conviction. *Id.* If, by its elements, the statute of conviction criminalizes more than just the use of force (or the attempted or threatened use thereof), then the prior conviction is not a crime of violence under the force clause. *Id.* at 642.

When the statute of conviction is "divisible" or has disjunctive elements—some of which qualify as elements under the force clause and others that do not— the court may use a modified categorical approach and consider "a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The court then determines "whether a violation of that statutory subpart" meets the elements of the force clause. *United States v. Rice*, 813 F.3d 704, 705 (8th Cir. 2016) (quoting *United States v. Dawn*, 685 F.3d 790, 794 (8th Cir. 2012)).

Here, Jones has a prior felony conviction in Arkansas for aggravated robbery in violation of ARK. CODE ANN. § 5-12-103 (1990). (PSR ¶ 27). First, it must be noted that in Arkansas one cannot commit aggravated robbery without first violating the general robbery statute, ARK. CODE ANN. § 5-12-102 (1990). Second, in *United States v.*

7

*Eason,* the Eighth Circuit held unequivocally that Arkansas's general robbery statute is not a violent felony under the force clause of the ACCA – which is identical to the "force clause" of § 4B1.2(a)(1). 829 F.3d 633, 642 (8th Cir. 2016). Arkansas law states that "[a] person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person." *Eason,* 829 F.3d at 641. Physical force under Arkansas law is defined as "any . . . [b]odily impact, restraint, or confinement; or [t]hreat of any bodily impact, restraint, or confinement." ARK. CODE ANN. § 5-12-101. After reviewing a variety of Arkansas cases interpreting these statutes, the *Eason* court ultimately found that "the degree of physical force required to commit robbery in Arkansas" fails to rise "to the level of physical force required to establish a crime of violence." 829 F.3d at 641.

Last, the only difference between Arkansas's robbery statute and the aggravated robbery statute is that the latter requires that the offender "(1) Is armed with a deadly weapon; (2) Represents by word or conduct that he or she is armed with a deadly weapon; or (3) Inflicts or attempts to inflict death or serious physical injury upon another person." ARK. CODE. ANN. § 5-12-103. Jones concedes that subsections (2) and (3) constitute violent felonies under the logic of *Eason* because the degree of force is higher than mere physical force and the offender must actually employ or threaten to employ deadly force.

8

However, nothing in subsection (1) to ARK. CODE ANN. § 5-12-103 requires the offender to employ or threaten to employ violent, deadly force. Instead, this subsection merely requires that the offender be armed with a deadly weapon. A fair reading of this subsection makes clear that possession does not equal use. In other words, there is no requirement that the offender intend to use that weapon or threaten to use it. While possessing a deadly weapon in the course of a robbery certainly increases the risk that deadly force will be used, creating a risk is not the same as actually using force. *C.f.*, *United States v. Jordan*, 812 F.3d 1183 (8th Cir. 2016)(finding no element of use or threat of violence in Arkansas's aggravated assault statute because statute required only that the offender create a "substantial danger of death or serious physical injury.")

Support for this argument can be found in a recent district court case interpreting Iowa's first degree robbery statute, whose elements are nearly identical to Arkansas's aggravated robbery statute. *United States v. Jones*, No. 04-362 (JRT/RLE), 2016 U.S. Dist. LEXIS 104736, at *13 (Aug. 8, 2016). Iowa law defines first degree robbery as follows: "A person commits robbery in the first degree when, while perpetrating a robbery, the person purposely inflicts or attempts to inflict serious injury, or is armed with a dangerous weapon." *Id.* at *11. In *Jones*, the court employed the categorical approach and found that the Iowa statute lacked the necessary elements to qualify as a violent felony under the force clause of the ACCA, which is identical to § 4B1.2(a)(1). *Id.* at *13. The court explained that "Jones's robbery could

9

have been escalated to first-degree robbery merely because he was 'armed with a dangerous weapon,' even if he never used, attempted to use, or threatened to use the weapon."[2] *Id.* at *12. Citing *Eason*, the court held:

> After the Supreme Court's decision in Curtis Johnson, an element that includes merely being "armed with" a weapon, even without using, attempting to use, or threatening to use the weapon, cannot meet the ACCA's force clause, because Curtis Johnson "elevated the necessary quantum of force from de [minimis] to 'violent.'"

*Id.* at *14 (quoting *Eason*, 829 F.3d at 641; *see also United States v. Parnell*, 818 F.3d 974, 979-981 (9th Cir. 2016) (holding that a conviction under the Massachusetts armed robbery statute was not a violent felony because it allowed for armed robberies by sudden snatching, and all that was required by Massachusetts law for an "armed robbery" conviction was the mere possession of a weapon, without using or even displaying it). In a similar fashion, the Eighth Circuit Court of Appeals recently examined a Missouri conviction for second degree robbery to find that it, too, lacked the necessary elements of violent force to qualify under § 4B1.2(a)(1). *United States v. Bell,* No. 15-3506, 2016 U.S. App. LEXIS 19442, at *7 (8th Cir. Oct. 28, 2016).

The conclusion that follows is that Keith Jones could have been convicted of aggravated robbery under circumstances that involved no threat or use of violence.

---

[2] As support, the *Jones* court cited to *United States v. Jones*, 830 F.3d 142 (2nd Cir. 2016), a case from the Second Circuit Court of Appeals which found that the "forcible stealing" required under New York's robbery statute did "not always involve 'force capable of causing physical pain or injury to another,'" and a robber's "use of less-than-violent force while carrying on his person but not using or threatening to use a deadly weapon," "cannot turn what is otherwise less than violent force into violent force"). It is important to note that this Second Circuit opinion was vacated and remanded, but for reasons unrelated to the court's finding that New York robbery was not a crime of violence.

The circumstances may have created a risk, but a mere risk is too tenuous to constitute a crime of violence under the force clause. Therefore, under the Guidelines in effect before the August 1, 2016 amendments, Jones's conviction for aggravated robbery cannot be a crime of violence. The risk created by possessing a weapon in the course of a robbery is precisely the type of conduct that fits squarely within the unconstitutional residual clause.

> C. <u>The 2016 amendments to the guidelines result in a higher sentencing guideline range because aggravated robbery is now an enumerated offense in § 4B1.2(a)(2).</u>

To "make the guideline consistent with . . . *Johnson*," on August 1, 2016 the Sentencing Commission revised its definition of "crime of violence" by removing the residual clause from § 4B1.2(a)(2).[3] In addition, the Commission deleted guideline commentary that listed a number of offenses deemed by the Commission to be "crimes of violence" under the residual clause.[4] Those offenses that were previously listed as crimes of violence in the commentary section to § 4B1.2 now appear in the text of § 4B1.2(a)(2) as enumerated offenses. Specifically, robbery now appears as an

---

[3] U.S. Sent'g Comm'n, News Release: U.S. Sentencing Commission Seeks Comment on Revisions to Definition of Crime of Violence (Aug. 7, 2015), http://www.ussc.gov/news/press-releases-and-news-advisories/august-7-2015; see also U.S. Sent'g Comm'n, Notice of proposed amendments to the sentencing guidelines and commentary, 80 Fed. Reg. 49,314, 49,314-15 (Aug. 17, 2015), available at http://www.ussc.gov/sites/default/files/20150811_FR_Proposed.pd

[4] Commentary Note 1 to § 4B1.2 previously read as follows: " 'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as 'crimes of violence' if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another."

enumerated offense in § 4B1.2(a)(2). With the residual clause deleted from § 4B1.2, the commentary no longer interprets or explains any remaining component of the definition of "crime of violence" in § 4B1.2. The only "crimes of violence" that remain listed in commentary are the inchoate offenses of "aiding and abetting, conspiring, and attempting to commit" a "crime of violence." U.S.S.G. § 4B1.2 cmt. (n.1) (eff. Aug. 1, 2016).

The aforementioned amendments to § 4B1.2 are relevant to Jones's case because without them, Jones faces no Chapter 2 sentencing enhancements. With them, however, Jones's base offense level under U.S.S.G. § 2K2.1(a)(4) is increased from 14 to 20. The court has ruled that Jones's conviction for aggravated robbery now falls within § 4B1.2(a)(2) as an enumerated offense. Jones respectfully submits that the enhancement cannot be applied because there is a difference between applying the 2014 Guidelines Manual v. 2016 Guidelines Manual. The significance of moving aggravated robbery from the guideline commentary to the actual text of § 4B1.2(a) is explained below.

> (1) Commentary that previously interpreted the residual clause of § 4B1.2(a)(2) has no free-standing definitional authority by which to classify an offense as a crime of violence.

As was made clear in Section B, *supra*, if Jones was sentenced under the guidelines in effect before August 1, 2016, aggravated robbery would be a crime of violence only if the court applied the residual clause of § 4B1.2(a)(2) and its accompanying commentary. Of course, we now know the residual clause is

unconstitutional, so it— along with any commentary that interprets it — cannot be used to classify an offense as a crime of violence. Instead, after *Johnson*, the court would apply the guidelines in effect at the time the instant offense was committed, but with the residual clause voided by *Johnson*. Once this line-item revision is made, the commentary listing "robbery" as a crime of violence would have to be disregarded as well. Jones would have no prior convictions for crimes of violence and he would not be facing a base offense level of 20 under § 2K2.1(a)(4). His base offense level would be 14 under § 2K2.1(a)(6).

The only way around this result is to suggest that the offenses previously listed in the commentary to § 4B1.2 — including robbery — somehow have free-standing definitional power. By moving the listed commentary offenses to the text in the August 1, 2016 amendments, however, the Sentencing Commission has implicitly acknowledged that the listed commentary offenses were not, in fact freestanding, but instead interpreted the former residual clause of § 4B1.2(a)(2). Moreover, under the Supreme Court's decision in *Stinson v. United States*, an offense that is listed in commentary, but does not interpret or explain any existing text of the guideline is not a "crime of violence." 508 U.S. 36, 40-41 (1993). This is because the Sentencing Commission is an administrative agency with only delegated powers, and so it must be accountable to Congress. The Sentencing Reform Act requires the Sentencing Commission to "submit to Congress amendments to the guidelines" at least six months before their effective date, and provides that Congress may modify or

disapprove such amendments before their effective date. 28 U.S.C. § 994(p). In upholding the Commission against a separation-of-powers challenge, the Supreme Court emphasized that this requirement makes the Commission "fully accountable to Congress." *Mistretta v. United States*, 488 U.S. 361, 393-94 (1989).

The Sentencing Reform Act says nothing about submitting commentary to Congress, however, and indeed it does not expressly authorize the issuance of commentary at all. *See Stinson*, 508 U.S. at 40-41. The Supreme Court nonetheless held in *Stinson* that commentary is valid and authoritative, but only if it interprets a guideline, is not inconsistent with or a plainly erroneous reading of that guideline, and does not violate the Constitution or a federal statute. *Id.* Because the guidelines are promulgated pursuant to an express delegation of rulemaking authority by Congress, they are "the equivalent of legislative rules adopted by [other] federal agencies." *Id.* at 44-45. In addition, because the "functional purpose of [guideline] commentary (of the kind at issue here) is to assist in the interpretation and application of those rules," it "is akin to an agency's interpretation of its own legislative rules." *Id.* at 45. Thus, as with other agencies' interpretations of their own regulations, "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* at 38. Ultimately, the only valid function of commentary is to interpret or explain the text of a guideline. The commentary itself has no freestanding definitional power. Otherwise, the Commission could issue

commentary changing the meaning of a guideline, with the same force as a guideline, but with no accountability to Congress.

Most circuits, including the Eighth Circuit in *United States v. Bell*, have recognized and applied *Stinson* to find that offenses listed in the commentary to § 4B1.2 do not have freestanding definitional power.[5] No. 15-3506, 2016 U.S. App. LEXIS 19442, at *13-14 (8th Cir. Oct. 28, 2016). In *Bell,* the Eighth Circuit reversed a finding by a Missouri district court that the defendant's prior conviction for second degree robbery qualified as a crime of violence after *Johnson* but before the August 1, 2016 amendments to § 4B1.2. First, the Eighth Circuit rejected the government's argument that the elements of Missouri's second-degree robbery statute meet the force clause of § 4B1.2(a)(1). Next, the Eighth Circuit rejected the government's argument that robbery qualifies as a crime of violence because the pre-August 1, 2016 commentary to § 4B1.2 expressly enumerated robbery as a crime of violence. As

---

[5] *See, e.g.*, *United States v. Potes-Castillo*, 638 F.3d 106, 111 (2d Cir. 2011) (rejecting government's reading of commentary that was "inconsistent with the Guidelines section it interprets"); *United States v. Cruz*, 106 F.3d 1134, 1139 (3d Cir. 1997) (relying on *Stinson* to disregard commentary that required greater scienter than text of guideline); *United States v. Dison*, 330 F. App'x 56, 61-62 (5th Cir. 2009) ("[I]n case of an inconsistency between an Application Note and Guideline language, we will apply the Guideline and ignore the Note."); *United States v. Webster*, 615 F. App'x 362, 363 (6th Cir. 2015) ("[T]he text of a guideline trumps commentary about it."); *United States v. Hawkins*, 554 F.3d 615, 618 (6th Cir. 2009) ("Guidelines commentary 'that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'"); *United States v. Stolba*, 357 F.3d 850, 853 (8th Cir. 2004) (rejecting adjustment supported by commentary that conflicted with the guideline because "the proper application of the commentary depends upon the limits – or breadth – of authority found in the guideline"); *United States v. Landa*, 642 F.3d 833, 836 (9th Cir. 2011) (when a "conflict exists between the text and the commentary," "the text of the guidelines governs"); *United States v. Fox*, 159 F.3d 637, at *2 (D.C. Cir. 1998) (declining to follow commentary that "substantially alters" the requirements of guideline's text).

support for its finding, the *Bell* court cited the First Circuit Court of Appeals' opinion in *United States v. Soto-Rivera*, 811 F.3d 53 (1st Cir. 2016) which rejected this same argument. In *Soto-Rivera*, the First Circuit held that "the commentary's inclusion of an offense may have been consistent with the Guideline when there was a residual clause in place to give the offense a 'textual hook,' *id.* at 60, but became inconsistent in the absence of the residual clause." *Bell*, 2016 U.S. App. LEXIS 19442, at *12 (quoting *Soto-Rivera*, 811 F.3d at 60). In adopting the holding of the First Circuit, the court in *Bell* explained as follows:

> Similarly, in this case, robbery was not one of the specifically-enumerated crimes listed in the version of § 4B1.2(a)(2) which applied to Bell. Prior to *Johnson*, the residual clause may have served as an anchor for the commentary's inclusion of "robbery" as a crime of violence because it "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (effective November 1, 2014). Post-*Johnson*, however, § 4B1.2's commentary, standing alone, cannot serve as an independent basis for a conviction to qualify as a crime of violence because "doing so would be inconsistent with the post-*Johnson* text of the Guideline itself." *Soto-Rivera,* 811 F.3d at 60.

*Id.* at *12-*13. In sum, the Eighth Circuit in *Bell* joined a handful of other Circuit Courts of Appeal who have taken the position that post-*Johnson*, offenses listed in the former commentary to § 4B1.2 cannot independently characterize an offense as a crime of violence. *Id.* (citing *United States v. Soto-Rivera*, 811 F.3d 53 (1st Cir. 2016) and *United States v. Rollins*, 836 F.3d 737, 743 (7th Cir. 2016)); *see also United States v. Brown*, No. 1:15CR251-1, 2016 U.S. Dist. LEXIS 114346, at *7 (M.D. N.C. Aug. 25, 2016)

(following the reasoning in *Soto-Rivera* to conclude that "the inclusion of robbery in the commentary [to § 4B1.2] is now inconsistent with the Guidelines and that portion of the commentary should be disregarded."). It should be noted that the *Bell* decision has been cited with approval by at least one district court to reject similar arguments. *United States v. Johnson*, 2016 U.S. Dist. LEXIS 156841, at *20 (E.D. N.Y. Nov. 12, 2016) ("Without the residual clause, Application Note 1, including robbery and other enumerated offenses as crimes of violence, can no longer be said to be interpreting or explaining the text of § 4B1.2(a).").

> (2) After *Johnson*, aggravated robbery is not a crime of violence because it appeared only in the commentary to § 4B1.2(b) prior to the August 1, 2016 amendments.

Applying the Supreme Court's decision in *Stinson* and the Eighth Circuit's opinion in *Bell*, an offense that was listed in the commentary to § 4B1.2 before the August 1, 2016 amendments cannot be used to classify a prior offense as a crime of violence if the instant offense was committed before the August 1, 2016 amendments. The residual clause of § 4B1.2(a)(2) is void after *Johnson*, so any offense previously listed in the commentary that interpreted or explained that residual clause cannot be a crime of violence. At the time Jones committed the instant offense in 2014, the commentary to § 4B1.2 listed "robbery" as an enumerated crime of violence. That commentary must be disregarded in light of *Johnson*, however, because the inclusion of "robbery" is merely an interpretation and application of §4B1.2(a)(2)'s unconstitutional residual clause. The only way robbery can be characterized as a crime

17

of violence using the Guidelines in effect before August 1, 2016 is if robbery has as elements the use or attempted use of violent physical force. As was explained in Section B, *supra*, Arkansas aggravated robbery does not. Accordingly, Jones has no crimes of violence in his criminal history so his sentencing guideline range calculated in the PSR must be reduced. He should face no higher than a base offense level of 14 under U.S.S.G. § 2K2.1(a)(6).

## CONCLUSION

Here, the guideline in effect at the time the instant offense was committed included the unconstitutional residual clause of § 4B1.2(a)(2). At the time Jones entered his plea, the residual clause had been voided by *Johnson*, but the language in the text and commentary to § 4B1.2 remained unchanged. Ultimately, then, prior to August 1, 2016, Jones's guideline range would have been calculated without regard to the residual clause in § 4B1.2(a)(2) or any commentary that interpreted it. Jones's prior conviction for aggravated robbery would not have been considered a crime of violence and his base offense level under § 2K2.1(a)(6) would have been 14 — at most. This base offense level is significantly lower than the one produced using the 2016 amendments to § 4B1.2. Applying the Guidelines in effect August 1, 2016, aggravated robbery is a crime of violence because the generic offense of robbery now appears in § 4B2.1(a)(2) as an enumerated offense. The court has used the August 1, 2016 guideline amendments to calculate Jones's base offense level at 20. To avoid an

*ex post facto* violation, the court must use the guideline in effect at the time the instant offense was committed with the residual clause voided by *Johnson*.

WHEREFORE, the Defendant, Keith Jones, respectfully requests that this Court grant the aforementioned motion to reconsider, grant the objection noted herein, and calculate a revised sentencing guideline range.

             JENNIFFER HORAN
             FEDERAL DEFENDER

      By: /s/ Kim Driggers
         Bar Number 2005249
         Kim Driggers
         Assistant Federal Defender
         The Victory Building, Suite 490
         1401 West Capitol Avenue
         Little Rock, AR 72201
         (501) 324-6113
         E-mail: kim.driggers@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of November, 2016, a true and correct copy of the foregoing was mailed to the Defendant, and was electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification to the following:

Edward O. Walker
Assistant United States Attorneys
P.O. Box 1229
Little Rock, AR 72203
E-mail: Edward.o.walker@usdoj.gov


/s/ Kim Driggers