IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS


UNITED STATES

VS.                                                  NO. 4:15CR00032 KGB

KEITH CHARLES JONES
a/k/a Smiley

### MOTION TO HOLD SENTENCING IN ABEYANCE

Comes now the United States of America, by and through its attorneys, Christopher R. Thyer, United States Attorney and Edward O. Walker, Assistant United States Attorney for the Eastern District of Arkansas, and for its Motion to Hold Sentencing in Abeyance states the following,

1.      Pending before this Court are opposite sentencing arguments relating to the defendant's 1991 Arkansas conviction for Aggravated Robbery as outlined in paragraph 27. The determination of whether or not this conviction qualifies as a crime of violence will significantly impact the status of the recommended guideline application of §4B1.2(a)(2).

2.      In *United States v. Bell*, 840 F.3d 963, 967 (8th Cir. 2016), the Eighth Circuit decided, among other things, that the commentary could not be relied upon for a determination that a previous conviction is a "crime of violence." This argument is central to the defendant's argument as to why it is improper to increase his base offense level.

3.      *Beckles v. United States*, No. 15-8544, *cert. granted*, 135 S.Ct. 2510 (2016), is currently before the Supreme Court of the United States. *Beckles v. United States* has certified the question of whether the express language of the commentary may independently support the application of the career offender enhancement based on the defendant's previous conviction for

an offense enumerated only in the commentary to the United States Sentencing Guidelines. This question would either overrule or support the Eighth Circuit's decision in *Bell.*

4.      The United States requests that the briefing schedule be held in abeyance until the United States Supreme Court returns a decision *Beckles v. United States*, in which oral argument was heard in November 2016. The Supreme Court's decision in *Beckles v. United States* would be dispositive of whether the commentary to the guidelines would independently support the application of the "career offender" sentencing enhancement because of the defendant's previous conviction for Arkansas Aggravated Robbery.

5.      Although the defendant has raised the argument that Aggravated Robbery under Arkansas law does not arise to "violent force," this issue should wait until *Beckles* has been decided in the interest of saving the Court's time. The Defendant opposes this request although he is currently in state custody on an unrelated offense.

Respectfully submitted,

CHRISTOPHER R. THYER
UNITED STATES ATTORNEY

/s/ Edward O. Walker
By: EDWARD O. WALKER
Assistant U.S. Attorney
AR Bar #2000076
P.O. Box 1229
Little Rock, AR 72203
501-340-2600
edward.o.walker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2017, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which shall send notification of such filing to:

Kim Driggers, Esq.


/s/ EDWARD O. WALKER
EDWARD O. WALKER